IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**JUDY SMOKE, as sole heir at law of Danny
Green, deceased**     **PLAINTIFF**

v.     Case No. 4:16-cv-00766 KGB

**ROGER HOOPER, individually and in his
official capacity as County Judge of Van
Buren County, Arkansas, and
VAN BUREN COUNTY, ARKANSAS**     **DEFENDANTS**

## OPINION AND ORDER

Before the Court is a motion for summary judgment filed by defendants County Judge Roger Hooper and Van Buren County, Arkansas (Dkt. No. 7). Plaintiff Judy Smoke has responded (Dkt. No. 13). Defendants filed a reply (Dkt. No. 16). Ms. Smoke originally brought this case in Van Buren County, Arkansas, Circuit Court, and defendants removed the case to this Court (Dkt. No. 1).

Judge Hooper and the County move for summary judgment on Ms. Smoke's claim; she alleges an unlawful taking pursuant to an unconstitutional, unwritten county policy that purportedly deprived her of the right to due process under the Constitution of the United States. Ms. Smoke also asserts in her complaint several state law claims including intentional trespass and an alleged violation of her civil rights under the Arkansas Constitution. As an initial matter, Judge Hooper and the County challenge Ms. Smoke's standing to bring this claim. Even if Ms. Smoke has standing, Judge Hooper and the County argue that Ms. Smoke's federal claims should be dismissed for a lack of subject matter jurisdiction. They contend that the county government has eminent domain powers and that Ms. Smoke must seek just compensation in the appropriate court first for the actions about which she complains. In addition, Judge Hooper and the County contend

that Judge Hooper in his individual capacity is entitled to qualified immunity and that Judge Hooper in his individual and official capacities, as well as the county government, are entitled to tort immunity. Judge Hooper and the County also argue that, because subject matter jurisdiction is lacking over Ms. Smoke's federal claim, this Court should decline to exercise jurisdiction over her state law claims.

Ms. Smoke makes several arguments in response to Judge Hooper and the County's motion for summary judgment. First, Ms. Smoke contends that Judge Hooper implemented an official policy or custom that was the moving force for the unconstitutional taking of her property. Ms. Smoke maintains that the policy of expanding "existing roadways by cutting trees, vegetation, and fencing for a width of up to 60 feet, even though the County has never taken the 60-foot roadway in by ordinance, eminent domain, deed conveyance, or otherwise" created the constitutional violation and satisfies the requirement for subject matter jurisdiction (Dkt. No. 13, at 1, ¶ 2). Ms. Smoke also argues that the trespass by county maintenance employees, at the direction of Judge Hooper, was intentional, thereby precluding Judge Hooper and the County from relying on any claim of immunity.

For the following reasons, the Court determines it lacks subject matter jurisdiction over Ms. Smoke's federal claims and declines to exercise jurisdiction over her state law claims. The Court immediately remands this matter to the Circuit Court of Van Buren County, Arkansas.

I. **Factual Background**

Unless otherwise noted by citation, the following facts are taken from Judge Hooper and the County's statement of indisputable material facts (Dkt. No. 9) and Ms. Smoke's response to defendants' statement of indisputable material facts (Dkt. No. 14).

2

### A. Ownership Of Property

Ms. Smoke's parents lived on certain property in northern Van Buren County, Arkansas, but her parents passed away on March 16, 2015, and November 6, 2015. North Forty Road runs through the property owned by Ms. Smoke's parents.

### B. Status Of The Road

The parties dispute the status of North Forty Road. Judge Hooper and the County characterize the road as a "public road." (Dkt. No. 9, at 1, ¶ 2). Ms. Smoke denies that North Forty Road is a "public road," instead claiming that the road has never been dedicated by the County, has never been the subject of a condemnation proceeding, has never been declared by any judicial proceeding nor even taken into the county road system by ordinance (Dkt. No. 14, at 1-2, ¶ 2). In his deposition, Judge Hooper admitted that the County had no intention to widen North Forty Road (Dkt. No. 9-6, Hooper Dep., at 17, 21).[1] The County intended, absent this lawsuit, to continue to maintain North Forty Road (*Id.*, at 21). Judge Hooper explained that the County "generally tr[ies] to cut the brush, not widening the road, cut the brush to keep vehicles from getting their [exteriors] scratched and so forth as part of [the County's] routine maintenance. Just like grading, it's part of [the County's] routine maintenance." (*Id.*, at 24). At the time of his deposition, Judge Hooper testified that the County was continuing to maintain North Forty Road (*Id.*, at 45).

Judge Hooper testified that the County's position is that North Forty Road is a "public road" and that the County "got it on some warranty deeds and so forth as an easement," including the 1981 deed from Ms. Smoke's parents (*Id.*, at 17-18). Based on the record before the Court,

---

[1] Judge Hooper's deposition is not entirely clear on this point. Later in his deposition, Judge Hooper testified that the County asked Ms. Smoke if it could "widen the road and pay her for the easement and rebuild her fence." (*Id.*, at 55). Judge Hooper testified the County contemplated putting the fence back so that the County could have ditches by the road (*Id.*, at 57).

the deeds referred to by Judge Hooper appear to be from private grantors to private parties and reference the existing road as a public road and utility easement (*Id.*, at 20; Dkt. No. 9-6, Ex. 2, at 65-66 (describing road as "easement road" and "public road and utility easement," respectively)). Record evidence is that the County has always maintained the road (*Id.*, at 21). Judge Hooper admitted during his deposition that he was not aware of the legal description of the road but that it was furnished by the county surveyor (*Id.*, at 21). He testified that there are culverts on other parts of North Forty Road but not at the property at issue because it is relatively flat (*Id.*, at 28).

Judge Hooper admitted that he is not aware of a county ordinance that took North Forty Road into the county road system (*Id.*, at 18). There is some record evidence that a sign stated "North Forty Drive Public Road" and one that said "private property," but the record is unclear as to how long those signs were up in the area (*Id.*, at 29-32).

### C. Work Performed Along The Road

In early 2016, County workers performed various maintenance related tasks along North Forty Road including mowing grass, cutting trees, and chipping brush (Dkt. No. 9-5, Miles Dep., at 7). Ms. Smoke contends that the County has a general, unwritten policy of maintaining "existing roadways by cutting trees, vegetation, and fencing for a width of up to 60 feet, even though the County has never taken the 60 foot roadway in by ordinance, eminent domain, deed conveyance, or otherwise." (Dkt. No. 13, at 1, ¶ 2; *see* Dkt. No. 9-6, Hooper Dep., at 26-27 (testifying that normally the county tries "to stay within 30 foot from the center" on county roads when cutting trees or removing brush)). Judge Hooper does not concede this was a policy nor does he concede that this is what Ms. Smoke contends the policy was for purposes of her lawsuit (Dkt. No. 16, at 2 n.1). Judge Hooper was not present on the date that County employees worked on North Forty Road in early 2016.

4

Ms. Smoke never filed a claim in County Court in Van Buren County, Arkansas, related to the allegations in this lawsuit.

## II. Legal Standard

Summary judgment is proper if the evidence, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact in dispute and that the defendant is entitled to entry of judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A factual dispute is genuine if the evidence could cause a reasonable jury to return a verdict for either party. *Miner v. Local 373*, 513 F.3d 854, 860 (8th Cir. 2008). "The mere existence of a factual dispute is insufficient alone to bar summary judgment; rather, the dispute must be outcome determinative under prevailing law." *Holloway v. Pigman*, 884 F.2d 365, 366 (8th Cir. 1989). However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings. *Buford v. Tremayne*, 747 F.2d 445, 447 (8th Cir. 1984). The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. The burden then shifts to the nonmoving party to establish that there is a genuine issue to be determined at trial. *Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 366 (8th Cir. 2008). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## III. Federal Claim

Ms. Smoke's federal claim is based on Judge Hooper and the County's allegedly unlawful taking that purportedly deprived Ms. Smoke of the right to due process under the Constitution of the United States.

The Court construes Ms. Smoke's federal claim as arising under 42 U.S.C. § 1983. "The plain language of 42 U.S.C. § 1983 establishes that a plaintiff must satisfy two jurisdictional requisites to state an actionable claim. First, [s]he must allege the violation of a right secured by the Constitution and laws of the United States. Because most rights secured by the Constitution are protected only against infringement by governments, this requirement compels an inquiry into the presence of state action. Second, a § 1983 plaintiff must show that the alleged deprivation was caused by a person acting under color of law." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 946 (1982) (internal citation and quotations omitted). Here, Ms. Smoke alleges that Judge Hooper and the County, through its unwritten policies and the acts of its employees, damaged, destroyed, or took certain tress and fencing from property she claims to have owned while routine maintenance was performed on an adjacent road. She maintains this conduct by Judge Hooper and the County constituted an unlawful taking that purportedly deprived her of the right to due process under the Constitution of the United States.

### A. Standing

The Court acknowledges that Judge Hooper and the County challenge Ms. Smoke's standing to bring this claim. The parties dispute whether there is sufficient record evidence for Ms. Smoke to overcome Judge Hooper and the County's contention that Ms. Smoke did not own the property in question at the time of the road maintenance about which she complains. Ms. Smoke argues that title to the North Forty Road property passed to her by operation of law upon the death of her father because she was his sole heir (Dkt. No. 15, at 6). Judge Hooper and the County contend that Ms. Smoke cannot prove that she owned the North Forty Road property prior to her execution of an affidavit for the collection of the property on August 2, 2017, several months after the property was damaged (Dkt. No. 16, at 1-2).

According to the will of Danny Green, Ms. Smoke's deceased father, Ms. Smoke was entitled to the North Forty Road property as Mr. Green's sole heir and beneficiary (Dkt. No 13-1, Ex. A, ¶ 3). On August 2, 2017, Ms. Smoke executed an "Affidavit for Collection of Small Estate by Distributees" (Dkt. No 13-1, Smoke Aff.). According to the affidavit, Ms. Smoke is the sole heir of Mr. Green and was entitled to receive the property at issue in this case (*Id.*, ¶ g). However, Ms. Smoke has not produced any evidence that she owned the North Forty Road property before August 2, 2017. Therefore, the Court acknowledges that there is an issue regarding Ms. Smoke's standing in this case. Also, the Court recognizes that there may be an available claim for standing based on an assertion of the legal rights of a third person. *See, e.g.*, *Duke Power Co. v. Carolina Envtl. Study Grp., Inc.*, 438 U.S. 59, 80-81 (1978), *Village of Arlington Heights v. Metropolitan Housing Dev. Corp.*, 429 U.S. 252, 263-64 (1977). The parties have not briefed the legal issue of asserting the legal rights of a third person.

Because this Court determines for the reasons set forth below that it lacks subject matter jurisdiction, the Court declines to resolve on the record before it the issue of Ms. Smoke's standing.

**B.    Subject Matter Jurisdiction**

Even though Judge Hooper and the County removed this action from Arkansas state court, they now move for dismissal of Ms. Smoke's federal claim on the basis of lack of subject matter jurisdiction. If, at any time, it appears that the federal court does not have subject-matter jurisdiction, "the court must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Further, subject matter jurisdiction cannot be waived. *See Bueford v. Resolution Trust Corp.*, 991 F.2d 481, 485 (8th Cir. 1993).

"[T]he mere exercise of the sovereign's power of eminent domain is not offensive to due process." *Collier v. City of Springdale*, 733 F.2d 1311, 1314 (8th Cir. 1984), *cert. denied*, 469

7

U.S. 857 (1984). "If the government chooses to dispense with formal condemnation proceedings prior to the seizure of private property for public use, then the constitution only requires that the property owner be able to bring an inverse condemnation action to compel just compensation." *Id.* "Thus, it is well settled that a sovereign vested with the power of eminent domain may exercise that power consistent with the constitution without providing prior notice, hearing or compensation so long as there exists an adequate mechanism for obtaining compensation." *Id.*

"Several courts have refused to find a cause of action under 42 U.S.C. § 1983 where a plaintiff alleges a 'taking' of his property by the state without due process without first attempting to avail himself of the state mechanisms for compensation following the *de facto* appropriation." *Id.* at 1314-15. For a federal court to adjudicate claims that have adequate state law provisions for compensating property owners "would be an unwarranted interference with state court jurisdiction." *Id.* (quoting *Light v. Blackwell*, 472 F. Supp. 333, 337 (E.D. Ark. 1979), *aff'd mem.*, 620 F.2d 307 (8th Cir. 1980)). "When the state provides an adequate process for obtaining compensation, no Fifth Amendment violation occurs until compensation is denied." *McKenzie v. City of White Hall*, 112 F.3d 313, 317 (8th Cir. 1997).

Ms. Smoke attempts to defeat this subject matter jurisdiction argument by citing the parties' dispute over whether North Forty Road was a private road, as alleged by Ms. Smoke, or a public road, as alleged by Judge Hooper and the County. The Court also acknowledges, but does not resolve, the issue of whether North Forty Road is a county road.

If North Forty Road were a county road at the time of the alleged events, exclusive original jurisdiction over this dispute would rest with the County Court of Van Buren County, Arkansas, and this Court would lack subject matter jurisdiction. *Chamberlain v. Newton Cty.*, 587 S.W.2d 4, 6-7 (Ark. 1979). The Arkansas Constitution guarantees that private property cannot be "taken,

8

appropriated or damaged for public use, without just compensation." Ark. Const. art. II, § 22. In *Chamberlain*, a landowner filed a petition against the county seeking a mandatory injunction requiring discontinuance of a roadway and restoration of the property to its prior state, along with monetary compensation for the cost of a survey to assess the location of the road and damages. 587 S.W.2d at 5. In *Chamberlain*, the court explained that, when the complaint was filed, "the construction of the road was an accomplished fact. Her only remedy against Newton County was to file a claim in the County Court of Newton County for just compensation for a completed taking. Exclusive jurisdiction of appellant's claim for compensation is vested in the County Court of Newton County as a matter relating to county roads." *Id.* at 7 (citing Ark. Const. art. VII, § 28).

There is no evidence in the record before the Court that Ms. Smoke ever filed a claim in the County Court of Van Buren County, Arkansas, related to the allegations in this lawsuit, which would be required if North Forty Road were a county road. Although she disputes this requirement applies to her case, she presents no record evidence upon which to base a denial of this factual assertion that she did not file a claim in the County Court of Van Buren County, Arkansas (Dkt. No. 14, at 3, ¶ 6).

Along with citing *Chamberlain*, Judge Hooper and the County also rely upon a case they claim is factually similar to the case at bar, *Still v. Hinchey*, Case No. 3:11-cv-03093, 2012 U.S. Dist. LEXIS 31623 (W.D. Ark. Mar. 9, 2012), in support of their argument that subject matter jurisdiction is lacking. The *Still* court dismissed plaintiff's case for a lack of subject matter jurisdiction because "[p]laintiff ha[d] not yet availed himself of the state court processes." *Id.* at *7. In *Still*, the plaintiff sued the local county judge for directing a county maintenance crew to take plaintiff's property by widening a county road adjacent to the property and destroying part of his fence. *Id.* at *1-2. The court reasoned that plaintiff's § 1983 claim was not proper because

9

claims for compensation based on a taking through eminent domain must be brought through the procedure for post-taking state remedies. *Id.* at *3-4. The *Still* court concluded that, "[b]ecause the state provides an adequate remedy for compensating property owners for damage or destruction of property, or prospectively for injunctive relief, the state has jurisdiction over the claim." *Id.* at *4.

Similar to the plaintiff in *Still*, Ms. Smoke has sued Judge Hooper and the County to challenge "the policies of Separate Defendant, Roger Hooper, and that of Van Buren County to expand existing roadways by cutting trees, vegetation, and fencing for a width of up to 60 feet, even though the County has never taken the 60 foot roadway in by ordinance, eminent domain, deed conveyance, or otherwise." (Dkt. No. 13, at 1). The Court rejects the arguments advanced by Ms. Smoke in an effort to distinguish *Still* from the facts of her case.

It is undisputed that Ms. Smoke did not seek just compensation from the County Court of Van Buren County, Arkansas, before bringing an action alleging constitutional violations. Ms. Smoke appears to contend that, because North Forty Road is not a county road, her case is not controlled by *Chamberlain* or *Still*. Instead, she cites *Passmore v. Hinchey*, 379 S.W.3d 497 (Ark. Ct. App. 2010), and *Hinchey v. Taylor*, 2015 Ark. App. 207, 2015 WL 5093312 (Ark. Ct. App. 2015) (unpublished), as controlling cases.

In *Passmore v. Hinchey*, Jerry Passmore, acting as trustee of the Passmore Family Trust, appealed from an order of the Searcy County, Arkansas, Circuit Court dismissing his lawsuit against Searcy County, Arkansas, Judge Hinchey, individually and officially, and other agents, servants, and employees. 379 S.W.3d at 498. In his lawsuit, Mr. Passmore alleged that defendants "had been driving trucks and other vehicles on the private road without permission" and sought

10

"an injunction . . . to end [defendants'] trespassing; fair rental value for use of the roadway; and punitive damages against [Judge] Hinchey individually." *Id*.

Mr. Passmore alleged that the trust had purchased certain property across which ran a private road and that defendants' alleged use of the road and creek crossing was by "permission only and [did] not exist by any easement, express or implied, or any right vested in third parties, the general public or Searcy County, Arkansas." *Id.* Mr. Passmore claimed he had asked defendants to stop trespassing on the private road but that defendants had not complied. *Id.* In an amended complaint, Mr. Passmore added a paragraph alleging that the Quorum Court of Searcy County, Arkansas, had never passed an ordinance for the taking of Mr. Passmore's property or appropriate county funds for paying just compensation for the land or rental thereof. *Id.* at 498-99. He claimed, in part, that defendants were violating his "rights, privileges, immunities, and protections secured by the Arkansas Constitution and Arkansas Civil Rights Acts." *Id.* at 499.

Defendants moved to dismiss, claiming exclusive jurisdiction over the matter rested with the County Court of Searcy County, Arkansas, not the circuit court. *Id.* The circuit court dismissed the case, and the Arkansas Court of Appeals reversed. *Id.* at 499, 501. Based on the face of the complaint, the Arkansas Court of Appeals determined that the case did not involve a county road at all and that, therefore, Article 7, section 28 of the Arkansas Constitution which provides that the county courts shall have exclusive original jurisdiction in "all matters relating to county . . . roads" did not apply. *Id.* at 500. Further, because defendants' acts as described in the complaint were allegedly intentional, the Arkansas Court of Appeals determined at that stage of the proceedings that defendants were not immune under the tort immunity statute. *Id*. at 501 (citing Ark. Code Ann. § 21-9-301).

In *Hinchey v. Taylor*, Searcy County, Arkansas, Judge Hinchey appealed from an injunction and monetary judgment entered against him in favor of the Taylors. 2015 Ark. App., at *1. On appeal, Judge Hinchey alleged that the circuit court lacked subject-matter jurisdiction over the case because it involved "county-road matters." *Id.* at *2 (citing Ark. Const. art. VII, § 28 and *Chamberlain*, 587 S.W.2d at 4). The Arkansas Court of Appeals determined that, unlike the landowner in *Chamberlain*, the Taylors were not seeking just compensation for the taking of their property. *Id.* Instead, because the road at issue was not a county road but instead a private road, the Arkansas Court of Appeals determined that the circuit court had subject matter jurisdiction over the case. *Id.* at *4.

As a part of the *Taylor* case, the circuit court was called upon to determine whether the road at issue had been transformed from a public road to a county road. *Id.* The Arkansas Court of Appeals affirmed the circuit court's decision that Judge Hinchey had failed to prove compliance with the statute upon which he relied for his contention that the public road had been transformed to a county road or to prove compliance with any of the other methods by which a county road may be created. *Id.* at *5 (citing *Ark. Game & Fish Comm'n v. Lindsey*, 730 S.W.2d 474 (1987) (county roads, as distinguished from public roads by prescriptive right, may be created when a landowner dedicates a right-of-way to the county; when a county condemns and pays for the right-of-way; and when a county judge enters an order, after notice, declaring a mail route or school bus route a county road)).

In this case, the Court determines that, regardless of whether the North Forty Road is a private, public, or county road, Ms. Smoke has failed to allege on these facts the violation of a right under the Constitution or laws of the United States. Even if the property along North Forty Road that Ms. Smoke claims to have owned sustained the damage she alleges, that is not sufficient

12

to state a proper cause of action under § 1983 because she has not yet pursued the Arkansas mechanisms for compensation and been denied. The Court concludes that this doctrine of subject-matter jurisdiction is broader than Ms. Smoke acknowledges and not dependent on this Court's determining whether North Forty Road is a private, public, or county road. Because the Arkansas Constitution guarantees just compensation for private property appropriated or damaged for public use by governmental entities and grants a cause of action for the recovery of such amounts, and Ms. Smoke has not sought and been denied this recovery, the Court determines it lacks subject matter jurisdiction over this dispute. *See*, *e.g.*, *Collier*, 733 F.2d at 1316 (dismissing a § 1983 action for lack of subject matter jurisdiction where property owners failed to utilize available measures under Arkansas law for obtaining compensation for alleged property damage caused by city's sewage discharge); *Roy v. City of Little Rock*, 902 F. Supp. 871 (E.D. Ark. 1995) (dismissing a § 1983 action for lack of subject matter jurisdiction where property owners failed to utilize available measures under Arkansas law for obtaining compensation for alleged temporary taking of their property by city historic district commission before filing suit); *Light*, 472 F. Supp. at 337 (dismissing a constitutional claim because the landowners had not been deprived of due process because adequate state remedies were available in the state court for the alleged wrongdoing).

The Court immediately remands this case to the Circuit Court of Van Buren County, Arkansas, to permit that court to determine its subject matter jurisdiction. In this Court's view, doing so will necessarily involve the state circuit court's adjudicating issues of Arkansas property law. If North Forty Road is determined to be a county road, the state circuit court may determine that jurisdiction over this matter is exclusively in the County Court of Van Buren County, Arkansas. If North Forty Road is determined to be a public or private road, jurisdiction over this matter may be appropriate in the state circuit court or elsewhere. *See*, *e.g.*, Ark. Code Ann. § 14-

13

23-101 (setting forth requirements for demands against the county and appeals of such determinations); *Passmore*, 379 S.W.3d at 498; *Taylor*, 2015 Ark. App., at *1. State remedies are available. Further, Ms. Smoke has not demonstrated that a state inverse condemnation action or other state remedy would be futile. *See McKenzie*, 112 F.3d at 317 (citing *Azul Pacifico, Inc. v. City of Los Angeles*, 948 F.2d 575, 579 (9th Cir. 1991)).

Based on this Court's research, it appears that, under Arkansas law, county roads, as distinguished from public roads by prescriptive right, may be created in either of three ways.

> First, the landowners can dedicate the right-of-way to the county. *See* Ark. Stat. Ann. §§ 76-108 and 76-109 (Repl. 1981 and Supp. 1985). . . . Second, a county may condemn and pay for the right-of-way. *See* Ark. Stat. Ann. §§ 76-901 to -928 (Repl. 1981). . . . Third, the County Judge may enter an order, after notice, declaring a mail route or school bus route a county road. Ark. Stat. Ann. §§ 76-105 and 76-106; *Johnson v. Wylie*, 679 S.W.2d 198 (Ark. 1983).

*Lindsey*, 730 S.W.2d at 478.

Under Arkansas law, although a public road may be established by a judgment of the county court, it is also possible to establish a county road by dedication or prescription. *Weir v. Revo Trucks*, 500 S.W.2d 923 (Ark. 1973); *Craig v. Greenwood Dist.*, 121 S.W. 280 (Ark. 1909). A formal order of the county court is not a prerequisite for the establishment of a county road. *Neyland v. Hunter*, 668 S.W.2d 530 (Ark. 1984); *see* Ark. Code Ann. § 27-66-201 (1987). A dedication is the donation of land or the creation of an easement for public use. *City of Cabot v. Brians*, 216 S.W.3d 627 (Ark. Ct. App. 2005); *Jones v. Juanita S. Wood Family Ltd. Partnership*, 236 S.W.3d 573, 577 (Ark. Ct. App. 2006). Two essential elements of dedication are the owner's appropriation of the property to the intended use and its acceptance by the public. *Hankins v. City of Pine Bluff*, 229 S.W.2d 231, 232-33 (Ark. 1950). The dedication need not be evidenced by a deed, and no specific period of public use is necessary to complete the dedication. *Id.* There are other requirements for prescription under Arkansas law. *See Neyland*, 668 S.W.2d at 530.

Resolving these issues of Arkansas property law may dictate which forum is the appropriate forum for this dispute. In this Court's determination, for this Court "to adjudicate [these] claims . . . would be an unwarranted interference with state court jurisdiction." *Collier*, 733 F.2d at 1315 (quoting *Light*, 472 F. Supp. at 337)). "To assume jurisdiction in a case of this type would mean the opening of a floodgate to a multiplicity of federal actions involving all aspects of state eminent domain proceedings which in truth should be adjudicated under state procedures and in state forums." *Id.* at 1317 (quoting *Light*, 472 F. Supp. at 338)).

For these reasons, the Court concludes it lacks subject matter jurisdiction and remands this matter to the Circuit Court of Van Buren County, Arkansas. Because the Court reaches this conclusion, the Court declines to address Judge Hooper and the County's additional arguments in support of summary judgment on Ms. Smoke's federal claim.

**IV.    State Claims**

Ms. Smoke also brings several Arkansas state law claims. She alleges that Judge Hooper and the County intentionally trespassed and violated her civil rights under the Arkansas Constitution (Dkt. No. 2, at 3). For these claims, Ms. Smoke seeks monetary damages and a permanent injunction against Judge Hooper and the County prohibiting them from entering her property or removing trees or fencing from her property (*Id.*). Ms. Smoke also seeks a declaratory judgment setting out the rights of the parties pursuant to Arkansas Code Annotated § 16-111-103 concerning the placement of her fence (*Id.*). The Court declines to exercise supplemental jurisdiction over these state-law causes of action. Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction" over a related state-law claim if "the district court has dismissed all claims over which it has original jurisdiction." In *Birchem v. Knights of Columbus*, the Eighth Circuit Court of Appeals stated that, "[i]n most cases, when federal and state

claims are joined and the federal claims are dismissed . . . the pendent state claims are dismissed without prejudice to avoid '[n]eedless decisions of state law . . . as a matter of comity and to promote justice between the parties.'" 116 F.3d 310, 314 (8th Cir. 1997). Accordingly, the Court declines to exercise supplemental jurisdiction over Ms. Smoke's state-law claims.

V.     **Conclusion**

For the foregoing reasons, the Court grants in part Judge Hooper and the County's motion for summary judgment (Dkt. No. 7). Because this Court determines that it lacks subject matter jurisdiction over Ms. Smoke's federal claim and declines to exercise jurisdiction over Ms. Smoke's Arkansas state law claims, and for the reasons stated in this Order, the Court immediately remands this matter to the Circuit Court of Van Buren County, Arkansas. The Clerk of Court is directed to send a certified copy of this Order to the Clerk of the Circuit Court of Van Buren County, Arkansas.

It is so ordered this the 19th day of September, 2018.

*Kristine G. Baker*
_____
Kristine G. Baker
United States District Court Judge